IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GUY A. MONICA,                )
                              )
              Plaintiff,      )
                              )
       v.                     ) Civil Action No. 10-249J
                              )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
              Defendant.      )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of March, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is granted, and the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, denied. The case will be remanded to the Commissioner pursuant to sentence 4 of 42 U.S.C. §405(g) for further proceedings consistent with this Memorandum Judgment Order.

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence.

"Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000), quoting, Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003), quoting, Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). These well-established principles dictate that the court remand this case to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

Plaintiff filed his application for DIB on January 16, 2007, alleging disability as of August 28, 2006, due to asthma, headaches and depression. Plaintiff's application was denied. At plaintiff's request, an ALJ held a video hearing on March 19, 2009, at which plaintiff, who was represented by counsel, appeared and testified. On July 27, 2009, the ALJ issued a decision finding that plaintiff is not disabled. On July 30, 2010, the

Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

Plaintiff, who has a graduate school education, was 57 years old at the time of his alleged onset date of disability and is classified as a person of advanced age under the regulations. 20 C.F.R. §404.1563(e). Plaintiff has past relevant work experience a school principal, but he has not engaged in any substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of major depressive disorder, panic disorder with agoraphobia, anxiety disorder and dysthymic disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed in Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ found that plaintiff retains the residual functional capacity to perform work at all exertional levels with a number of non-exertional limitations. Plaintiff is limited to work that involves only simple instructions and simple work-related decisions. In addition, plaintiff is limited to work that does not involve more than an 8-hour workday and that does not involve high production rate quotas or rapid assembly line work (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that

AO 72
(Rev. 8/82)

plaintiff could not perform his past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to perform other work that exists in significant numbers in the national economy, such as a vehicle washer, janitor or material handler. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national

AO 72
(Rev. 8/82)

economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff argues that the ALJ's step 5 finding is not supported by substantial evidence because: (1) the RFC Finding does not adequately account for all of his limitations; (2) the hypothetical question posed to the vocational expert was inadequate; and (3) the ALJ's credibility analysis was improper. After reviewing the ALJ's decision and the record, the court concludes that these claims are well-founded, thus this case must be remanded for additional consideration as explained below.

Plaintiff first contends that the RFC Finding does not

adequately account for all of his limitations because it does not include any accommodation for his impairments in social functioning.[1] The court agrees that the RFC Finding is deficient in this regard.

The ALJ determined that plaintiff is moderately limited in the area of social functioning. (R. 18). In making this finding, the ALJ relied on the opinion of consultative psychological examiner Dr. Dana Irwin, which opinion the ALJ found was "highly persuasive."[2] (R. 18, 21). Significantly, Dr. Irwin concluded, inter alia, that plaintiff is moderately limited in his ability to interact appropriately with the public and co-workers. (R. 18, 246).

Although the ALJ found that plaintiff is moderately limited in social functioning, including his ability to interact appropriately with co-workers and the public, the RFC Finding does

---

[1] The court rejects plaintiff's additional argument related to the assessment of his residual functional capacity that the ALJ failed to offer "an understandable explanation" about which findings of Dr. Patel, who was plaintiff's treating psychiatrist, he accepted. The ALJ explained in his opinion that he rejected Dr. Patel's findings of marked limitations in certain enumerated areas because those findings are inconsistent with the doctor's prior reports and assessment of plaintiff's behavior, as well as with plaintiff's reported activities. (R. 21). Accordingly, the ALJ properly considered Dr. Patel's overall opinion of plaintiff's capabilities and explained why he gave that opinion "some weight, but not great weight." (R. 21).

[2] According to the Commissioner, to the extent the ALJ found Dr. Irwin's opinion "highly persuasive," he may have been referring to Dr. Irwin's written report as opposed to the form questionnaire Dr. Irwin completed on which he indicated plaintiff was moderately limited in his ability to interact appropriately with co-workers and the public. This court will not speculate that the ALJ assigned greater significance to one aspect of Dr. Irwin's report over another. To be clear, the ALJ did not qualify his statement that he found Dr. Irwin's opinion "highly persuasive," thus there is no reason to conclude that the ALJ only deemed certain portions of it as such.

not accommodate plaintiff's difficulties in this area, nor does the ALJ explain this omission. For this reason, the RFC Finding is not supported by substantial evidence.

As a result of the defective RFC Finding, the court agrees with plaintiff that the ALJ posed an inadequate hypothetical question to the vocational expert. An ALJ's hypothetical question to a vocational expert must account for all of the claimant's impairments and resulting functional limitations supported by the medical evidence. <u>Chrupcala v. Heckler</u>, 829 F.2d 1269, 1276 (3d Cir. 1987). In this case, the ALJ's hypothetical question failed to account for plaintiff's moderate difficulty in social functioning, particularly regarding his ability to interact appropriately with co-workers and the public.[3] Because the hypothetical question did not include all of plaintiff's limitations supported by the record, the ALJ erred by relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

Finally, the court finds that the ALJ failed to consider

---

[3]The court finds no merit to plaintiff's argument that the ALJ's hypothetical question to the vocational expert did not adequately account for plaintiff's limitations in dealing with work stress. To the contrary, the RFC Finding that was included in the hypothetical posed to the vocational expert limited plaintiff to work that involves only simple instructions and simple-work related decisions, as well as a restriction from any work that involves high production rate quotas or rapid assembly line work, all of which accommodates plaintiff's difficulty handling stress.

The court likewise finds no merit to plaintiff's claim that the ALJ's hypothetical question did not account for his non-severe impairment of asthma. As the ALJ correctly observed, the record does not reflect (and the court notes plaintiff does not allege) any functional limitations as a result of asthma. (R. 17).

plaintiff's work history of more than 30 years at the Penn Cambria School District when he assessed plaintiff's credibility.

A claimant's work history is one of many factors an ALJ must consider in assessing whether a claimant's subjective complaints are credible. See 20 C.F.R. §404.1529(c)(3). Although an ALJ is not required to equate a long work history with enhanced credibility, see Christl v. Astrue, 2008 WL 4425817, *12 (W.D. Pa. Sept. 30, 2008), there is no indication in this case that the ALJ's credibility evaluation even considered plaintiff's long work history,[4] as well as his attempt to work part-time after his alleged onset date of disability. (R. 16). As a result, remand for re-evaluation of plaintiff's long work history in the context of the overall credibility determination is necessary.

On remand, the ALJ must revisit his findings at step 5 of the sequential evaluation process. In particular, the ALJ must account for plaintiff's moderate limitations in social functioning, specifically regarding his ability to interact with co-workers and the public, in assessing plaintiff's residual functional capacity. The ALJ also must re-evaluate plaintiff's credibility by considering his long work history in the context of the overall credibility determination. Finally, the ALJ must

---

[4]The Commissioner suggests that the ALJ adequately considered plaintiff's work history by noting that plaintiff had past work experience as a school principal, and he attempted to work part-time after his alleged onset date of disability. (R. 16, 22). Contrary to the Commissioner's suggestion, neither of the ALJ's brief references to plaintiff's work history were made in the context of the ALJ's credibility analysis, thus the ALJ gave insufficient consideration whether plaintiff's long work history served to enhance his credibility.

⚖AO 72
(Rev. 8/82)

pose a hypothetical question to the vocational expert which incorporates his modifications to RFC Finding for plaintiff's moderate limitations in social functioning.

For the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this Memorandum Judgment Order.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Beth Arnold, Esq.
Binder and Binder
526 Hamilton Road
Merion, PA 19066

Stephanie L. Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901